# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALVA W. ("CHIP") EASON, and RONALD REED, individually and on behalf of all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> BRIDGEWATER & ASSOCIATES, INC., and BRIDGEWATER TITLE, LLC, <br><br> Defendants. | CIVIL ACTION <br> FILE NO. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT - COLLECTIVE ACTION

Plaintiffs Alva W. ("Chip") Eason and Ronald Reed present the following claims, on behalf of themselves and all similarly situated persons, against Defendants BridgeWater & Associates, Inc. and BridgeWater Title, LLC (collectively "BridgeWater"):

## JURISDICTION AND VENUE

1.

This is an action for unpaid overtime under the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 *et seq.* Pursuant to 28 U.S.C. § 1331, this

Court has federal question jurisdiction over this Complaint for unpaid overtime wages pursuant to the FLSA.

2.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of Georgia and within the Northern District of Georgia.

3.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

**PARTIES**

4.

Plaintiff Chip Eason is a resident of Gwinnett County, Georgia and has been employed for BridgeWater performing primarily title examination work as a Title Examiner from November 2003 through the present.  Recently, Defendants have given Plaintiff Eason the title of manager but Eason does not perform management functions and his primary job duty is title examination.  Plaintiff Eason is, and at all times relevant was, classified by BridgeWater as a non-exempt hourly employee.  (*See* Attachment A.)

5.

Plaintiff Ronald Reed is a resident of Bedford County, Tennessee and has been employed for BridgeWater performing primarily title examination work as a Title Examiner from April 2009 through the present. Plaintiff Reed is, and at all times relevant was, classified by BridgeWater as a non-exempt hourly employee.

6.

Plaintiffs are employees as defined by 29 U.S.C. § 203(e).

7.

Plaintiffs' consent forms to join this action are attached as Exhibit B.

8.

BridgeWater & Associates, Inc. is a domestic corporation that provides appraisal and title abstraction services to its clients in Tennessee, Georgia, and Florida.

9.

BridgeWater & Associates, Inc. is an employer as defined by 29 U.S.C. § 203(d).

10.

BridgeWater & Associates, Inc. may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for

service of process, Donna L. Johnson, 105 West Main Street, Canton, Georgia 30114.

11.

BridgeWater Title, LLC, Inc. is a domestic corporation that provides appraisal and title abstraction services to its clients in Tennessee, Georgia, and Florida.

12.

BridgeWater Title, LLC, Inc. is an employer as defined by 29 U.S.C. § 203(d).

13.

BridgeWater Title, LLC, Inc. may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, Lisa M. Schultz, 4979 Old Highway 5, Canton, Georgia 30115.

## COLLECTIVE ACTION ALLEGATIONS

14.

Plaintiffs bring this action on behalf of themselves and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

15.

Plaintiffs and those similarly situated are individuals who were, or are, employed by BridgeWater as Title Examiners or in similar positions in which their primary duty was providing title examination services to BridgeWater's clients at any time within three years prior to filing this Complaint, in Tennessee, Georgia, and Florida, and were not paid straight time or overtime for some or all of their work activities.

16.

Plaintiffs and the similarly situated individuals are similar because they were all hourly employees whose duties consisted primarily or exclusively of providing title examinations and title examination services to clients of BridgeWater.

17.

Plaintiffs and the similarly situated individuals are also similar because they routinely worked in excess of eight (8) hours per day and forty (40) hours per week performing title examinations both at BridgeWater offices, in the field, and from their homes.

18.

Plaintiffs and the similarly situated individuals are also similar because BridgeWater routinely failed to pay them straight time or overtime compensation

for any hours worked in excess of eight (8) hours per day and forty (40) hours per week in violation of the FLSA, even though BridgeWater knew that they were working in excess of eight (8) hours per day and forty (40) hours per week.

19.

Defendants knowingly required Plaintiffs and the similarly situated individuals to work in excess of eight (8) hours per day and forty (40) hours per week without compensating them or paying them overtime compensation.

20.

Defendants' policy required Plaintiffs and the similarly situated individuals to sign forms stating that they did not work more than eight (8) hours per day.  If they refused to sign the certification forms, management told Plaintiffs and the similarly situated individuals they would not be paid.

21.

Defendants were aware that Plaintiffs and the similarly situated individuals were working time for which they were not compensated.  For example, Defendants provided Plaintiffs and the similarly situated individuals work assignments that could not be completed within a forty (40) hour week and also provided Plaintiffs and the similarly situated individuals work assignments that

were explicitly to be completed outside of working hours in the evening and on weekends.

22.

Defendants was also aware that Plaintiffs and the similarly situated individuals were working time for which they were not compensated because Plaintiffs and the similarly situated individuals complained to the owners, Donna Johnson and Lisa Schultz, and other supervisors about BridgeWater's pay practices. When Plaintiffs and the similarly situated individuals complained to the owners and supervisors about BridgeWater's pay practices, the owners and supervisors told them it was what was expected to maintain employment. The owners and supervisors told Plaintiffs and the similarly situated individuals to do what it took to get the job done.

23.

Defendants' actions were knowing and willful.

24.

Upon information and belief, the amount of time for which Plaintiffs and the similarly situated individuals were not paid overtime compensation (or even straight time) averages between six (6) hours and forty (40) hours per week, depending on the employee. Because Defendants required Plaintiffs and the

similarly situated individuals to certify that they did not work more than eight (8) hours per day, their overtime was not reflected in Defendants' payroll or time records.

## COUNT I
## Willful Failure and Refusal to Pay Overtime in Violation of the FLSA

25.

Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

26.

During the statutory period, Plaintiffs and the similarly situated individuals were employed by Defendants as Title Examiners or in similar positions in which their primary job duty was providing title examination services to BridgeWater's clients in Tennessee, Georgia, and Florida.

27.

The FLSA requires employers to pay for all hours worked. The FLSA, 29 U.S.C. § 207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

28.

BridgeWater's actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to

compensate Plaintiffs and the similarly situated individuals for time spent on work activities as described in the Complaint.

29.

As a direct and proximate result of BridgeWater's unlawful conduct, Plaintiffs and the similarly situated individuals have suffered and continue to suffer a loss of income and other damages. Plaintiffs and similarly situated individuals are entitled to liquidated damages and also to attorneys' fees and costs incurred in connection with this claim.

30.

Defendants knew, or showed reckless disregard for the fact that it failed to pay these individuals for overtime hours worked.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and all employees similarly situated who opt in to this action ("Opt-Ins") demand a **TRIAL BY JURY** and the following relief:

a. Issuance of notice as soon as possible to all employees who were employed by BridgeWater during any portion of the three years immediately preceding the filing of this Complaint performing title examination services. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right

   to opt into this lawsuit if they worked in excess of forty hours per week and were not paid overtime compensation;

b. Judgment against BridgeWater for an amount equal to Plaintiffs and the Opt-Ins' unpaid back wages at the applicable overtime rates for a period of three years;

c. Liquidated damages in an additional amount equal to unpaid overtime wages, calculated at the applicable hourly pay rate;

d. Leave to add additional plaintiffs or opt-ins by motion, the filing of written consent forms, or any other method approved by the Court;

e. Attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

f. Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 19th day of August, 2011.

        BUCKLEY & KLEIN, LLP

        s/ Cheryl B. Legare
        Georgia Bar No. 038553
        cblegare@buckleyklein.com
        Edward D. Buckley
        Georgia Bar No. 092750
        edbuckley@buckleyklein.com

Promenade II, Suite 900
1230 Peachtree Street NE
Atlanta, GA  30309
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

Attorneys for Plaintiffs