IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALVA W. ("CHIP") EASON, and RONALD REED, individually and on behalf of all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> BRIDGEWATER & ASSOCIATES, INC., BRIDGEWATER TITLE, LLC, DONNA L. JOHNSON, and LISA M. SCHULTZ, <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:11-cv-02772-TCB |

## ORDER AND JUDGMENT

This case is before the Court on Plaintiffs' motion for award of

attorney's fees and expenses [159].

### I.  Background

On August 19, 2011, named plaintiffs Alva W. ("Chip") Eason and

Ronald Reed filed the complaint in this case. On March 17, 2015,

following a six-day trial, the jury returned a verdict in favor of

Plaintiffs, finding that Plaintiffs were not properly compensated for

overtime work while employed by Defendants BridgeWater & Associates, Inc. and/or BridgeWater Title, LLC. Among other things, the jury found each of the individual Defendants, Donna L. Johnson[1] and Lisa M. Schultz, individually liable as an "employer" of Plaintiffs under the Fair Labor Standards Act ("FLSA"), and the jury found that Plaintiffs are owed total compensatory damages in the amount of $257,551.27, representing $164,852.10 in damages for overtime work performed for BridgeWater & Associates and $92,699.17 in damages for overtime work performed for BridgeWater Title.

Plaintiffs subsequently filed a motion for liquidated damages and an emergency motion for entry of judgment against Defendants. In their response to Plaintiffs' emergency motion, Defendants raised certain objections to the language in the verdict form. On April 7, the Court granted Plaintiffs' motion for liquidated damages and overruled Defendants' objections to the verdict form.

---

[1] On March 31, 2015, Johnson filed a petition for bankruptcy in the Middle District of Florida. Therefore, this matter is stayed with respect to Johnson.

2

On April 14, Plaintiffs filed the instant motion, along with a bill of costs and supporting documentation.

## II.   Discussion

In addition to damages, prevailing plaintiffs in an FLSA action are entitled to "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). It is undisputed that Plaintiffs are the prevailing parties in this action and are therefore entitled to an award of attorney's fees and expenses. *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) (indicating that under Section 216(b), an award of fees to prevailing plaintiffs is mandatory). In their motion, Plaintiffs request attorney's fees in the amount of $231,534.64 and costs and other expenses in the amount of $22,185.86, representing fees and expenses incurred through April 8, 2015.[2] Defendants raise three arguments in opposition to

---

[2] Plaintiffs assert that they are also entitled to recover the fees incurred in preparing the fee petition as well as any other subsequent post-trial briefing. *See Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205, 1207 (11th Cir. 1983) (noting that case law authorizes an award of fees for time spent litigating over attorney's fees). Defendants have not raised any opposition to Plaintiffs' entitlement to subsequent fees, and the Court will consider the reasonableness of any subsequent fee petitions upon filing.

3

Plaintiffs' motion: (1) that the verdict lacks sufficient definiteness to enter a judgment for attorney's fees against Schultz; (2) that Plaintiffs' counsel should have indicated their actual billing rates for 2011 to 2015 instead of simply using 2014 rates for all hours; and (3) that Plaintiffs request fees for duplicative services. The Court will first address Defendants' challenge to the entry of a judgment for attorney's fees against Schultz and then address the reasonableness of Plaintiffs' attorney's fees and Defendants' opposition to the amount of fees.

## A.    Schultz's Liability for Attorney's Fees

First, Defendants once again challenge the sufficiency of the verdict form, asserting that "the verdict does not provide for any monetary judgment against Defendant Lisa M. Schultz." [162] at 2. Therefore, according to Defendants, "the verdict lacks sufficient definiteness to enter a judgment amount for attorney's fees against Schultz." *Id.* The Court has already addressed, and rejected, similar arguments in its order granting Plaintiffs' motion for liquidated damages, *see* [155] at 4-8, and the Court remains persuaded that the verdict form sufficiently supports a monetary judgment against Schultz.

4

The jury was instructed that to succeed on their claims against Schultz, among other things, Plaintiffs were required to prove by a preponderance of the evidence that Schultz qualified as an employer subject to individual liability under the FLSA. In instructions agreed upon by the parties, the Court explained what it means to be an "employer" under the FLSA, and the jury was specifically instructed that the determination of whether Schultz was an "employer" of Plaintiffs was to be based on whether she exercised control over significant aspects of the day-to-day functions of BridgeWater & Associates and/or BridgeWater Title. As the Court previously stated, by finding that Schultz was "an employer of Plaintiffs, subject to individual liability" under the FLSA, "[t]he jury plainly found that Schultz was an 'employer' of Plaintiffs such that she is jointly and severally liable for damages attributable to the unpaid overtime that Plaintiffs worked while employed by BridgeWater Title and/or Bridgewater & Associates." [155] at 5.

Defendants have offered no alternative explanation of the jury's finding, nor have they explained what sort of finding, in their view,

5

would have been sufficient to support a monetary judgment against

Schultz. For the reasons outlined in this Order and the Court's prior

order granting liquidated damages, the Court determines that Schultz

is jointly and severally liable with BridgeWater Title and BridgeWater

& Associates for the attorney's fees and expenses awarded to Plaintiffs

in this case.

## B.   Reasonableness of Fees

The Court now turns to the reasonableness of the fees requested

by Plaintiffs. "The most useful starting point for determining the

amount of a reasonable fee is the number of hours reasonably expended

on the litigation multiplied by a reasonable hourly rate." *Hensley v.

Eckerhart*, 461 U.S. 424, 433 (1983). The product of these two numbers

is commonly referred to as the "lodestar." *Pennsylvania v. Del. Valley

Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986). The Court will

begin by discussing the number of hours expended by Plaintiffs'

counsel.

The fee applicant must "maintain[] records to show the time spent

on the different claims, and set[] out with sufficient particularity the

6

general subject matter of the time expenditures so that the district court can assess the time claimed for each activity." *Laube v. Allen*, 506 F. Supp. 2d 969, 976 (M.D. Ala. 2007) (citing *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)). To determine a reasonable number of hours, the Court must examine whether the fee applicant exercised "billing judgment." *Hensley*, 461 U.S. at 434. In exercising such judgment, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988); *see also Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1270 (S.D. Ala. 2013) (reducing the number of hours billed in a case where attorneys engaged in "duplicative, redundant, or otherwise unreasonable attorney conferences").

According to billing records, Plaintiffs' counsel, including attorneys and paralegals, devoted approximately 916.60 hours to this case. A large portion of this time was spent during and in preparation

for trial. Upon review of billing records, counsel reduced this figure to 844.60 hours, subtracting time that counsel deemed unnecessary. The two attorneys who spent the most time on this case, Cheryl Legare and Paul Chichester, have submitted declarations describing their experience and their work on this case and indicating that they believe the time they spent was reasonable and necessary. Additionally, Plaintiffs' counsel has filed declarations of two attorneys experienced in litigating employment and FLSA cases, both of whom reviewed the time entries of Plaintiffs' attorneys and attested to the reasonableness of the time spent and rates charged. Although the Court has also conducted an independent review of the billing records, the Court views each of these declarations as substantial support for the reasonableness of Plaintiffs' fees.

Defendants argue that the Court should reduce the number of hours expended by Plaintiffs' counsel because they are requesting compensation for duplicative services. Defendants provide three separate examples that purportedly represent duplicative or unnecessary work. First, Defendants appear to contend that it was

8

unreasonable for Ms. Legare to bill $280 for 0.7 hours spent on March 27, 2012 to review and revise declarations that Mr. Chichester had spent hours preparing in the preceding months. Second, Defendants note that between November 16, 2012, and November 20, 2012, Plaintiffs' counsel spent approximately $700 in meetings among the attorneys working on the case. And third, Defendants argue that it was unnecessary for both Mr. Chichester, a relatively junior associate, and Justin Scott, a more experienced associate, to attend the deposition of Defendant Schultz. In the context of this case, the Court does not view these expenses as unnecessary, duplicative, or unreasonable.

Where multiple attorneys are involved in a case, there must be some coordination among them, and more senior attorneys must have the ability to review and revise the work of more junior attorneys.[3] The Court notes that the amount of time spent in internal meetings or reviewing and revising substantive work is minimal in comparison to the overall time spent on the case. Further, in the case of Ms. Schultz's

[3] This is a collective action involving almost twenty plaintiffs that culminated in a six-day jury trial. No one has questioned the propriety of assigning more than one attorney to this case.

9

deposition, Plaintiffs' counsel has explained that Mr. Scott began

working with the firm after the litigation had commenced, and Mr.

Chichester, who was familiar with the litigation, was present to bridge

any knowledge gaps.[4] The Court does not find the examples cited by

Defendants, or other fees spent in coordination or review of work, to be

duplicative or otherwise unreasonable. To the contrary, based on the

work performed and the supporting affidavits submitted by Plaintiffs'

counsel, the Court concludes that the hours expended on this case were

reasonable. The Court must now examine whether counsel's rates are

reasonable.

"A reasonable hourly rate is the prevailing market rate in the

relevant legal community for similar services by lawyers of reasonably

comparable skills, experience, and reputation." *Loranger v. Stierheim*,

10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman v. Hous. Auth. of the

City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).

"Satisfactory evidence at a minimum is more than the affidavit of the

---

[4] Eventually, Mr. Scott left the firm prior to trial, so Mr. Chichester's
presence at the deposition proved to be even more valuable than anticipated.

10

attorney performing the work . . . [and] must speak to rates actually billed and paid in similar lawsuits." *Norman*, 836 F.2d at 1299. In arriving at a proper rate, the Court may take account of certain factors to tailor the amount to the particular case, such as the time and labor required; the novelty and the difficulty of the questions; the skill requisite to perform the legal service properly; the attorney's inability to accept other employment because he or she accepted the case; the customary fee for similar work in the community; whether the fee is fixed or contingent; time limitations imposed by the client or circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorneys; the nature and length of the professional relationship with the client; and awards in similar cases. *See id.* (referring to the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Plaintiffs used the following rates to calculate their fees for this case: $400/hour for partner Cheryl Legare; $325/hour for associate Justin Scott; $250/hour for associate Paul Chichester; and $150/hour for paralegals. Plaintiffs' counsel has indicated that these rates correspond

11

to the hourly rates charged by each of the foregoing individuals during

2014.[5] Plaintiffs' counsel contends that their rates are reasonable

because they are in keeping with the rates charged by similarly

experienced attorneys in Atlanta for similar work.

Although Defendants do not directly challenge the reasonableness

of the above-referenced rates, Defendants appear to suggest that

Plaintiffs' counsel has improperly used 2014 rates as opposed to the

rates actually billed by the firm between the filing of the complaint in

2011 and the present or, at the very least, that Plaintiffs' counsel must

report their billable rates for 2011 through 2015 to determine the

reasonableness of the 2014 rates. The Court is not aware of any

requirement that Plaintiffs' counsel provide their hourly rates for 2011

through 2015. Regardless of the hourly rates charged by counsel during

that time, the question is whether the rates counsel is requesting are

reasonable. The Court determines that they are.

---

[5] Plaintiffs' counsel acknowledges that they were retained on a contingency fee basis in this case, but they regularly performed hourly work at the rates requested in this case.

First, the Court notes that the supporting affidavits provided by

other well-known attorneys in the field indicate that the hourly rates

proposed by Plaintiffs' counsel are reasonable.[6] Given the nature of the

claims and the number of plaintiffs involved, the Court views this as a

relatively complex case as far as FLSA actions are concerned, and

Plaintiffs' counsel is entitled to rates commensurate with the nature of

this case. In their response, Defendants offer no evidence or authority to

indicate that the rates requested by Plaintiffs' counsel are

unreasonable.

To the extent Defendants suggest that Plaintiffs should have used

their actual historical rates in calculating fees, it is well-recognized that

use of current, as opposed to historical, rates, may properly account for

"inflation and delay in receipt of payment." *In re Domestic Air Transp.*

*Litigation*, 148 F.R.D. 297, 355 (N.D. Ga. 1993); *see also Missouri v.*

*Jenkins*, 491 U.S. 274, 282-84 (1989) (confirming that "an appropriate

adjustment for delay in payment—whether by the application of current

---

[6] In fact, the two affidavits submitted by other Atlanta employment attorneys
with FLSA experience indicate that Ms. Legare's rate is at the lower end of the
spectrum of reasonable rates for an attorney with her experience.

13

rather than historic hourly rates or otherwise—is within the contemplation of" 42 U.S.C. § 1988, which authorizes an award of attorney's fees to prevailing parties in civil rights cases); *Morgado v. Birmingham-Jefferson Cnty. Civil Defense Corps*, 706 F.2d 1184, 1194 (11th Cir. 1983) (noting that an adjustment to reflect a delay in receipt of payment of attorney's fees is appropriate). Additionally, the Court notes that a significant portion of the fees in this case are attributable to services performed in 2015, but instead of seeking 2015 rates for those hours, Plaintiffs' counsel chose to apply 2014 rates across the board. Thus, the decision to use 2014 rates as a means of adjusting for a delay in payment is all the more reasonable.

Based on the nature of this case, the work performed, the supporting affidavits submitted by Plaintiffs' counsel, and the failure of Defendants to present any evidence to the contrary, the Court concludes that the hourly rates requested by Plaintiffs' counsel are reasonable in this case. Having determined that both the time and rates requested by Plaintiffs' counsel are reasonable, the Court will award Plaintiffs the full $231,534.64 requested for attorney's fees.

14

Plaintiffs also seek costs in the amount of $6,313.65, as itemized in their bill of costs, plus additional ancillary expenses in the amount of $15,872.21. Rule 54 of the Federal Rules of Civil Procedure provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1); *see also* 28 U.S.C. § 1920 (listing specific costs that courts may tax). Additionally, courts have recognized that "[u]nder the FLSA, costs include reasonable out-of-pocket expenses." *Lee*, 918 F. Supp. 2d at 1275 (quoting *Smith v. Diffee Ford–Lincoln–Mercury, Inc.,* 298 F.3d 955, 969 (10th Cir. 2002)). Defendants have not challenged the reasonableness of Plaintiffs' costs and expenses or their entitlement to an award of such expenses, and the Court has reviewed the out-of-pocket expenses claimed by Plaintiffs and determined them to be reasonable. Therefore, the Court will also award Plaintiffs the full amount of costs and expenses claimed.

III. **Conclusion**

Plaintiffs' motion for an award of attorney's fees and expenses [159] is granted. Plaintiffs are awarded attorney's fees in the amount of

15

$231,534.64, costs as provided for in the bill of costs in the amount of $6,313.65, and additional costs and expenses in the amount of $15,872.21.

It is hereby ORDERED and ADJUDGED that Plaintiffs have and recover the TOTAL sum of SEVEN HUNDRED SIXTY-EIGHT THOUSAND, EIGHT HUNDRED TWENTY-THREE DOLLARS and FOUR CENTS ($768,823.04) in compensatory damages, liquidated damages, attorney's fees, costs, and expenses from Defendants Bridgewater & Associates, Inc., Bridgewater Title, LLC, and Lisa Schultz, as set forth in detail below, with post-judgment interest thereon as provided by 28 U.S.C. § 1961:

A.      From Defendants Bridgewater & Associates, Inc. and Lisa Schultz, jointly and severally, compensatory damages and liquidated damages in the following amounts:

| Plaintiff | Compensatory Damages | Liquidated Damages | Total Damages |
|---|---|---|---|
| Alva W. "Chip" Eason | $65,989.80 | $65,989.80 | $131,979.60 |
| Ronald Reed | $19,661.25 | $19,661.25 | $39,322.50 |
| Cynthia Daniels | $12,325.15 | $12,325.15 | $24,650.30 |
| Vivian Garmon | $2,447.54 | $2,447.54 | $4,895.08 |
| George Hamilton | $1,295.25 | $1,295.25 | $2,590.50 |

16

| | | | |
|---|---|---|---|
| Shannon Johns | $11,448.00 | $11,448.00 | $22,896.00 |
| Eric Kalinsky | $2,659.26 | $2,659.26 | $5,318.52 |
| Charlotte Kern | $2,885.00 | $2,885.00 | $5,770.00 |
| Charles Kimes | $12,633.12 | $12,633.12 | $25,266.24 |
| Janet Lynch | $10,101.88 | $10,101.88 | $20,203.76 |
| Larry Martin | $14,555.10 | $14,555.10 | $29,110.20 |
| Alex Money | $3,117.15 | $3,117.15 | $6,234.30 |
| John Sewell | $4,284.00 | $4,284.00 | $8,568.00 |
| Joseph Wall | $1,449.60 | $1,449.60 | $2,899.20 |
| **TOTAL** | **$164,852.10** | **$164,852.10** | **$329,704.20** |

B.     From Defendants Bridgewater Title, LLC and Lisa Schultz,

jointly and severally, compensatory damages and liquidated damages in

the following amounts:

| Plaintiff | Compensatory Damages | Liquidated Damages | Total Damages |
|---|---|---|---|
| Alva W. "Chip" Eason | $22,212.96 | $22,212.96 | $44,425.92 |
| Ronald Reed | $14,043.75 | $14,043.75 | $28,087.50 |
| Vivian Garmon | $4,618.00 | $4,618.00 | $9,236.00 |
| George Hamilton | $400.35 | $400.35 | $800.70 |
| Steve Kaiser | $1,788.80 | $1,788.80 | $3,577.60 |
| Charlotte Kern | $14,425.00 | $14,425.00 | $28,850.00 |
| Charles Kimes | $2,901.60 | $2,901.60 | $5,803.20 |
| Shawn Loflin | $15,961.11 | $15,961.11 | $31,922.22 |
| Larry Martin | $16,347.60 | $16,347.60 | $32,695.20 |
| **TOTAL** | **$92,699.17** | **$92,699.17** | **$185,398.34** |

C.     From Defendants Bridgewater & Associates, Inc.,

Bridgewater Title, LLC, and Lisa Schultz, jointly and severally,

attorney's fees in the amount of $231,534.64, costs as provided for in the

bill of costs in the amount of $6,313.65, and additional costs and

expenses in the amount of $15,872.21.

IT IS SO ORDERED AND ADJUDGED this 9th day of June,

2015.

Timothy C. Batten, Sr.
United States District Judge